**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

KENNETH G. MONTGOMERY, Civil No. 00-2435 (DWF/ESS)

Petitioner,

v. **REPORT AND RECOMMENDATION**

T. C. PETERSON,

Respondent.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner Kenneth G. Montgomery's pro se application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1]. Respondent has filed an answer contending that the petition should be denied on the ground that the Court is prohibited from entertaining this petition. [Docket No.6]. These proceedings have been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that the petition for writ of habeas corpus be denied with prejudice.

## I. BACKGROUND

On October 23, 1991, Petitioner was charged by indictment with one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846 and with two counts of possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1). See U.S. v. Montgomery, Cr. No. 91CR30098 - WDS, Indictment, Gov't's Response, Ex. No. 1 [Docket No. 6]. The conspiracy count was dismissed prior to trial. See Presentence Report, Gov't's Response, Ex. No. 2. The two remaining counts charged Petitioner with possession with intent to distribute 1.1 and 3.0 grams of cocaine base respectively. See Indictment. On February 25, 1992, following a trial, Petitioner was convicted by a jury on these two counts. See

FILED AUG 3 0 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Petition at 1-2 [Docket No. 1]. Petitioner was sentenced to 240 months on each count to be served concurrently.[1] Id. at 2. On direct appeal this sentence was vacated by the Court of Appeals for the Seventh Circuit, but the court affirmed Petitioner's convictions. See United States v. Montgomery, 14 F.3d 1189, 1200 (7th Cir. 1994). On remand the district court sentenced Petitioner to 210 months on each count to be served concurrently. See Correction or Reduction of Judgment in a Criminal Case, Gov't's Response, Ex. No. 5.

On September 16, 1994, Petitioner filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. See Motion under § 2255, Gov't's Response, Ex. No. 6. In this motion Petitioner contended that he had been convicted through the use of a coerced confession, that the grand jury which indicted him had been unconstitutionally selected and impaneled, that an improper jury instruction on aiding and abetting had been given, that his sentence was unconstitutional due to the much greater sentences given for offenses involving cocaine base as opposed to cocaine, and that he had received ineffective assistance of counsel.[2] See id. at 5-6, 8-11. The district court found that Petitioner was not entitled to habeas relief and dismissed his petition. See Montgomery v. United States, Civil No. 94-691, Memorandum and Order dated August 1, 1995, at 6, Gov't's Response, Ex. No. 7. The Seventh Circuit summarily affirmed this judgment and later denied a petition for rehearing. See Montgomery v. United

---

[1] At Petitioner's sentencing hearing, the district court considered statements made by Petitioner which were admitted at trial and which concerned the amount of narcotics sales he had engaged in. From these statements, the court determined Petitioner's "relevant conduct" to be the sale, over a six month period, of 1,364 grams of cocaine base and the court sentenced Petitioner accordingly. See Disposition Hearing Transcript at 84-86, Gov't's Response, Ex. No. 3.

[2] Petitioner later amended his § 2255 petition to expand upon his earlier claims and to add a claim of double jeopardy. See Montgomery v. United States, Civil No. 94-691, Memorandum and Order dated August 1, 1995, at 2, Gov't's Response, Ex. No. 7.

States, No. 95-3358, Order, Gov't's Response, Ex. No. 8.

On July 27, 2000, Petitioner filed a motion with the Seventh Circuit to authorize the filing of a second or successive § 2255 petition. See Montgomery v. United States, Motion to Authorize, Gov't's Response, Ex. No. 9. Petitioner claimed that in light of the recent decision by the Supreme Court of the United States in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), his sentence should be vacated because the facts used by the sentencing court to enhance his sentence were proven merely by a preponderance of the evidence.[3] Id. In denying this motion the Seventh Circuit stated that to merit a successive motion, petitioner must show that his claim is based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. See Montgomery v. United States, No. 00-3179, Order dated September 11, 2000, Gov't's response, Ex. No. 10. The court stated that the Supreme Court had not specifically declared Apprendi to be retroactive, and in any event Petitioner's claim was without merit because Petitioner was sentenced to a term of imprisonment below the statutory maximum of 240 months set forth in 21 U.S.C. § 841(b)(1)(C). Id. Petitioner subsequently filed with the Seventh Circuit a second motion to authorize the filing of a second or successive § 2255 petition and a similar motion with the district court. See Gov't's Response, Ex. Nos. 11, 12, 13. Both motions were denied. See id.

Petitioner, who is currently incarcerated at the Federal Correctional Institution, Sandstone, MN, then filed the petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 that is now before this court. See Petition at 1. Petitioner contends that he is entitled to habeas relief

[3] In Apprendi v. New Jersey, 120 S.Ct. 2348 (2000), the Supreme Court held that any fact, other than a prior conviction, which increases the penalty for a crime beyond the maximum statutory penalty authorized by a legislature must be submitted to a jury and proved beyond a reasonable doubt. Apprendi, 120 S.Ct. at 2362-63.

because, under Apprendi, the type and quantity of narcotics for which he was sentenced should have been presented to the jury and determined beyond a reasonable doubt. See id. at 2-3. Petitioner notes that his defense counsel raised this issue at trial. See id. at 3-4 (citing Trial Transcript 91-30098 -01, Vol. II, pp 36-37); see also Pet. at 6. Petitioner contends that Apprendi is of watershed importance and should, therefore, be applied retroactively, and, as a consequence, his convictions should be vacated. See Pet. at 3, 8.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is clearly challenging the validity of his original convictions and sentence, and his habeas corpus petition is therefore subject to § 2255's exclusive remedy rule.

Ordinarily, Petitioner's application for relief under § 2241 might simply be construed as a motion brought under § 2255. The matter could then be transferred to the trial court so that Petitioner's claims could be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so three times before. Any § 2255 action that Petitioner might now attempt to maintain would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph).[4]

---

[4] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Without a proper pre-authorization order from the appropriate Court of Appeals, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Indeed, that rule has already been called to Petitioner's attention by the district court in which he was convicted. See Order dated October 20, 2000, Gov't's Response, Ex. No. 13. Because the instant Petitioner has not obtained a pre-authorization order from the Court of Appeals for the Seventh Circuit, a new § 2255 motion could not properly be entertained by the trial court at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted.

Moreover, it appears that Petitioner has deliberately elected to file a § 2241 habeas corpus petition, rather than seeking relief under § 2255. He apparently believes that § 2255's exclusive remedy rule should not be applied to his current petition, because § 2255 has become "inadequate or ineffective to test the legality" of his convictions. Therefore, he evidently reasons, he should be allowed to pursue his claims in a § 2241 habeas corpus proceeding at this time. It further appears that Petitioner believes he is eligible for the "inadequate or ineffective remedy" exception because his current claims for relief are based on an new rule of constitutional law that retroactively applies to his situation. He obviously has concluded that his latest post-conviction claims must be addressed on the merits in some federal court proceeding, and if the trial court cannot do so in a § 2255 proceeding, then he must be allowed to seek relief under § 2241.

If Petitioner's beliefs and reasoning were correct, then any prisoner whose § 2255 claims

were procedurally barred could bring his claims in a § 2241 habeas corpus petition. The rules barring successive § 2255 motions would be rendered meaningless, however, if any prisoner whose claims had been procedurally defaulted could simply contend that the remedy provided by § 2255 had become "inadequate or ineffective" and that he was therefore entitled to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing procedural default to be so easily evaded.

Thus, it is not surprising that the Court of Appeals for the Eighth Circuit has confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to expire." United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 528 U.S. 1176 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is

procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Relief under § 2255 is not inadequate or ineffective unless a change in the law following conviction and direct appeal has been made retroactive by the Supreme Court. Id. Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to challenge his conviction and sentence in his direct appeal, in his first § 2255 motion to the trial court, and in his two petitions to file successive § 2255 motions to the Seventh Circuit. He cannot claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under that statute.

Furthermore, Petitioner's contention that The Supreme Court's Apprendi decision was a "watershed rule" requiring retroactive application to cases on collateral review has been rejected by the Eighth Circuit. In Rodgers v. United States, 229 F.3d 704 (2000), the court addressed a motion to file a second or successive § 2255 motion filed by the petitioner who had been convicted of multiple counts of distribution of cocaine base and sentenced to 240 months on each count to run concurrently with a life sentence for conspiracy to distribute cocaine and cocaine base. 229 F.3d at 705. The court held that because the Supreme Court did not make Apprendi retroactively applicable to cases on collateral review, as required by the plain language of § 2255, it was not available to prisoners seeking leave to file a second or successive § 2255 petition. Id. at 706, see also Talbott v. State of Indiana, 226 F.3d 866, 868-70 (7th Cir. 2000) (same holding). In United States v. Moss, 252 F.3d 993 (2001), the court addressed an appeal from the denial of a

petitioner's initial § 2255 motion. The petitioner claimed that his 360 month sentence for drug law violations was imposed in violation of the rule announced in Apprendi, because drug quantity was not charged in his indictment or submitted to the jury. See Moss, 252 F.3d at 995. The court found that the petitioner was foreclosed from collaterally attacking his sentence based in Apprendi. Id. The court held that Apprendi was not a watershed rule of criminal procedure, and, as such, was not to be applied retroactively. Id. at 998- 1001.

Under § 2255, a convicted defendant has only "one further bite at the apple" after his direct appeal unless he can demonstrate "newly discovered evidence of innocence or a new and retroactive rule of constitutional law." Davenport, 147 F.3d at 610 (emphasis added). As has been shown, the rule announced by the Supreme Court in Apprendi is not a retroactive rule of constitutional law. Petitioner is therefore foreclosed from arguing that § 2255 is "inadequate or ineffective" based on Apprendi.

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's application for habeas corpus relief challenges the validity of his convictions and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner has already filed a previous § 2255 motion and he is precluded from filing another one without pre-authorization from the Seventh Circuit Court of Appeals; (4) Petitioner's inability to file another § 2255 motion (without pre-authorization) does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule; and (5) Apprendi did not announce a new and retroactive rule of constitutional law which would make § 2255 "inadequate or ineffective."

Therefore, based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 [Docket No. 1] be **DISMISSED**;

2) Petitioner's request for an expedited ruling [Docket No. 8] be **DENIED** as moot.

Dated: ~~September~~ August 29, 2001

E. S. SWEARINGEN
United States Magistrate Judge