**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Kenneth G. Montgomery,

Petitioner,

v.

T.C. Peterson, Warden,

Respondent.

Civil No. 00-2435 (DWF/ESS)

**MEMORANDUM AND ORDER**

---

Kenneth G. Montgomery, Pro Se, #02332-025/Unit H, Federal Correctional Institution, Box 1000, Sandstone, MN 55072, Petitioner.

Anthony W. Brown, Assistant United States Attorney, 600 United States Courthouse, 300 Fourth Street South, Minneapolis, MN 55415, counsel for Respondent.

---

Petitioner, a prisoner at the Federal Correctional Institution in Sandstone, Minnesota, has filed a Notice of Appeal in this matter (Doc. No. 12) indicating that he intends to appeal this Court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Order dated September 28, 2001 (Doc. No. 10).) The matter is presently before the Court on Petitioner's application for leave to proceed *in forma pauperis* ("IFP") on appeal (Doc. No. 13.).

A litigant who seeks to be excused from paying the $105 filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. *See also* Fed. R. App. P. 24(a). To qualify for IFP status, the litigant must demonstrate that he or she cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context is judged by an objective

FILED DEC 0 7 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

standard and not by the subjective beliefs of the appellant. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *Id.* An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant case, Petitioner's IFP application shows that he has no assets of consequence and that his only current source of income is a prison job, which purportedly pays only fourteen cents per hour. Based on these representations concerning his financial situation, the Court finds that Petitioner is financially eligible for IFP status.

Petitioner's IFP application will be denied, however, because the Court finds that his appeal is not taken in good faith, as required by 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3). Petitioner is seeking collateral relief from a 1992 federal criminal conviction. His current challenge to his conviction is based on the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). However, the Eighth Circuit Court of Appeals has already explicitly determined that *Apprendi* claims cannot properly be raised, entertained, or adjudicated in a collateral proceeding such as this one. *United States v. Moss*, 252 F.3d 993, 997 (8th Cir. 2001) ("we hold today that *Apprendi* is not of watershed magnitude and that *Teague* bars petitioners from raising *Apprendi* claims on collateral review").[1] *See also Dukes v. United States*, 255 F.3d 912, 913 (8th Cir. 2001) ("[a]lthough we retroactively apply *Apprendi* in cases on direct appeal, *United States v. Anderson*, 236 F.3d 427, 429 (8th Cir. 2001), this court

---

[1] *Moss* further indicates that Petitioner's *Apprendi* claims are barred by the doctrine of procedural default. 252 F.3d at 1001-03.

has recently concluded [in *Moss*] that *Apprendi* presents a new rule of constitutional law that is not of 'watershed' magnitude and, consequently, petitioners may not raise *Apprendi* claims on collateral review"). In light of *Moss*, the Court can find no arguable factual or legal basis for an appeal in this matter. Plaintiff's IFP application will therefore be denied for lack of good faith.

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

Plaintiff's application to proceed *in forma pauperis* on appeal (Doc. No. 13), is **DENIED**.

Dated: December 7, 2001

DONOVAN W. FRANK
Judge of United States District Court